OPINION OF THE COURT — by the
How. EDWARD TURNER.
We are enabled to reach the merits of this case, by consent of the coun sel on each side, that the Kentucky record, filed among the papers, shall be considered as a part of the record now before us,
This is an action of debt on judgment obtained in a circuit court of Kentucky by Nathan Breed against Thomas Sampson and one William Murray, Oyer of the record being considered as given, the defendant below demurred and the plaintiff joined in demurrer. The court below overruled the demurrer and gave judgment for the plaintiff, but, by order of the court, the judgment was set aside, on affidavit of merits made by the defendant, and he was allowed,to plead — the parties then agreed that the cause should stand at issue on the plea of payment, with leave to give the record aforesaid in evidence. The jury found a special verdict, and left the case for the judgment of the court on the evidence aforesaid, whereupon judgment was rendered for the plaintiff for the amount of the debt, interest and costs. A writ of error was sued out, and errors are assigned.
It appears by the record, that after Breed obtained his judgment against Sampson and Murray in Kentucky, he sued out a writ of fieri facias thereon, against the defendants — on which the defendant Murray entered into a replevin bond, with W. P. McDowell and Thomas Alesberryhis securities according to the laws of Kentucky, conditioned for the pay *268 ment of the debt, interest and costs, within three months from the date of said bond.
On this bond execution issued, the same having been forfeited, against the estate of Murray, M’Dowell and Alesberry, and was levied on proper' ty of the defendants and sale suspended by act of assembly — afterwards a venditioni exponas issued for the sale of the last named property — on which another replevy was had, and a new bond entered into by said McDowell, Alesberry and one Henry K. Lewis, conditioned for the payment of the sum due the plaintiff within one year from the date thereof— on which last bond a fieri facias issued, on which the sheriff returned nulla bona.
The plaintiff, in the present action, having gone through the different modes provided for him by the laws of Kentucky, and having obtained no satisfaction, has resorted to his'action on the original judgment, and; ^e question now tobe decided is, whether that judgment has been paid,, satisfied, or discharged by operation of law — whether the’first replevy bond given by the defendants, or any of the bonds subsequently given, amounts to a satisfaction, or discharge of the original judgment.
On looking into the adjudged cases, in the state of Kentucky, we find cases in point, and there can be no question that this, like all other contracts, must be bound by the law of the state in which the contract was made, and that the construction put by the courts of Kentucky upon their own statutes, is binding upon this court, or that of any other state, where those contracts and those laws may become the subject of adjudication. See digest of laws ofKentucky, Vol. 1 p. 497. 500. Vol. 2 page 1257,4 Bibb’s rep. 572: Hardin’s rep. 188, 372, 518,2 Littell’s rep. 116.
By the above authorities, the law is settled, in Kentucky, that a forthcoming bond, forfeited, is a satisfaction of the original judgment,, that each subsequent replevy bond, has the like effect on those which prec eded it.
The same doctrine is maintained in Virginia, see 2 Wash. rep. 189, 1 Wash. 92, 3 Mumf.rep. 454.
And in this state, under statutes similar to those of Virginia and Kentucky, like decisions have been made.
I am, therefore, of opinion, that the plaintiff, Nathan Breed, cannot sus-taip h:s action on the original judgment against the defendant, that tli? *269 judgment given in the circuit court of Monroe county, overruling the demurrer, be reversed, and judgment sustained for the defendant Sampson.
Judges Child, Black and Winchester concur.